UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH DE STEFANO,                        CASE # _____ Civ _____

                Plaintiff,

-against-                                              **COMPLAINT & JURY TRIAL DEMAND**

MAYOR MARLINDA DUNCANSON, in her
individual and official capacity, POLICE CHIEF
MATTHEW T. BYRNE, in his individual and
official capacity, SPECIAL AGENT WILLIAM
MARTINEZ, in his individual and official capacity,
JULIE GRENZHAUSER-MONTALVO, in her                   **08 CIV. 3419**
individual and official capacity and VINCENT
BIONDO,

                Defendants.
------------------------------------------------------------X     **JUDGE ROBINSON**

      Plaintiff, Joseph DeStefano, by and through his attorneys, Dupee & Monroe, P.C., as and for his Complaint & Jury Trial Demand, upon information and belief, alleges as follows:

## INTRODUCTION

    FIRST:    This is a civil rights action brought pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, as amended, seeking redress for defendants' deprivations, under color of state and federal law, of the plaintiff's rights, privileges and immunities secured by the United States Constitution and the laws of the United States including the Privacy Act 5 U.S.C. § 552 et.seq.; Right to Financial Privacy Act 12 U.S.C. § 3402, et.seq.

    SECOND:    That beginning on or about January 1, 1994 plaintiff Joseph DeStefano (hereinafter "DeStefano") was the duly elected Mayor of the City of Middletown until he was forced to resign on or about April 11, 2005..

    THIRD:    During the majority of plaintiff DeStefano's tenure as Mayor of the City of

Middletown, defendant Marlinda Duncanson (hereinafter "Duncanson") served as a member of the City of Middletown's Common Council.

FOURTH: That on or about August 23, 1994, defendant Police Chief Matthew T. Byrne (hereinafter "Byrne") was confirmed by the City of Middletown Police Commission to serve as a police officer for the City of Middletown.

FIFTH: That on or about April 6, 1002, defendant, Byrne was appointed by the City of Middletown Common Council to serve as Chief of Police for the City of Middletown Police Department.

SIXTH: That during the majority of plaintiff, DeStefano's tenure as Mayor of the City of Middletown, defendant, Julie Grenzhauser-Montalvo (hereinafter "Grenzhauser") was an employee of the City of Middletown and assigned to the Office of Economic and Community Development.

SEVENTH: That the City of Middletown's Office of Economic and Community Development is a federally funded agency.

EIGHTH: That upon information and belief, defendant, Special Agent William Martinez (hereinafter "Martinez") was an agent, servant and/or employee of the United States Government and was assigned as an investigator for the U.S. Department of Housing and Urban Development (hereinafter "HUD").

NINTH: That at all relevant times hereinafter mentioned, the defendant, Vincent Biondo (hereinafter "Biondo") is a resident of the City of Middletown who at one time operated an auto body repair shop within the jurisdictional limits of the City of Middletown and who formally worked for a company owned in part by the plaintiff, DeStefano.

TENTH: That during plaintiff DeStefano's tenure as Mayor, he openly challenged acts

of public corruption and/or misconduct involving the defendant Duncanson and/or members of her immediate family which included the following:

 (a.) misuse of the City's tax identification number for the purchase of personal items for the purpose of avoiding sales tax;

 (b.) participating in local legislation which involved monies to be received by defendant's husband as the City's Fire Inspector or son as a police officer;

 (c.) challenging defendant Duncanson's husband's right to serve as the City's Fire Inspector at a time when his state certifications had lapsed;

 (d.) prohibiting defendant Duncanson from searching through the City's records without proper authorization and consent;

 (e.) prohibiting defendant Duncanson from congregating around sensitive areas within the City of Middletown Police Department;

 (f.) misuse of City's funds for personal travel expenses incurred by Duncanson and her husband; and

 (g.) falsification of fire inspection reports committed by defendant Duncanson's husband as Fire Inspector for the City of Middletown.

ELEVENTH: That during plaintiff DeStefano's tenure as Mayor, he had openly challenged acts of public corruption involving the defendant Byrne and/or members of his police department which included the following:

 a. misappropriation of veteran's benefits;

 b. misappropriation of vacation benefits;

 c. misappropriation of overtime benefits;

 d. use of police powers to cause personal and financial harm to the plaintiff by the filing

of unsubstantiated complaints with the State Liquor Authority; and

  e.  failure as Police Chief to address: police officer(s) collecting rental income on property owned by the City of Middletown; acts of sexual abuse; acts of violence against the spouses of police officers; police officers drinking and/or sleeping on duty; failure to refer police officers with known substance dependencies to the City's Employee Assistance Program.

  TWELFTH:  That as Mayor of the City of Middletown, plaintiff, DeStefano opposed many of the public initiatives supported by the defendants, Duncanson and Byrne out of concern for the welfare of the citizens of the City of Middletown.

  THIRTEENTH:  That as a product of plaintiff DeStefano's unwillingness to tolerate acts of public corruption and/or misconduct, together with his firm opposition to many of the public initiatives supported or sponsored by the defendant Duncanson and/or Byrne, the defendants, and each of them, saw fit to retaliate against the plaintiff by initiating and/or filing malicious charges about and concerning the plaintiff with such public entities as the New York State Attorney General's Office, the New York State Commission of Investigations, the New York State Liquor Authority, the U.S. Department of Housing and Urban Development, the U.S. Attorney's Office for the Southern District of New York, the New York State Police and the Orange County District Attorney's Office.

  FOURTEENTH:  That in the course of pursuing their own personal and political agendas, and in a further effort to conceal acts of public corruption committed by themselves, members of their immediate family, or individuals under their command defendants, and each of them, recruited the assistance of the defendants, Grenzhauser and Biondo, among other unnamed individuals, for the sole purpose of bringing about the personal and political destruction of the plaintiff.

FIFTEENTH: That the defendants, and each of them, presented false allegations and charges against the plaintiff, DeStefano, as Mayor of the City of Middletown with the New York State Attorney General's Office, New York State Commission of Investigations and the U.S. Attorney's Office for the Southern District of New York, who for their own reasons declined to prosecute the plaintiff.

SIXTEENTH: That in response to plaintiff, DeStefano's public and private challenges to the misconduct of the defendant Byrne and those officers under his command, defendant, Byrne, did intentionally target the plaintiff's privately owned nightclub known as "28 West" by dramatically increasing the number of referrals made by the City of Middletown Police Department to the State Liquor Authority about and concerning "28 West's" operations and thereby placing the plaintiff's license to sell alcohol in jeopardy.

SEVENTEENTH: That as a product of the collective and coordinated efforts of the defendants, plaintiff was arrested on August 31, 2004 and arraigned before County Court Justice Stewart Rosenwasser on an unseal indictment which falsely charged the plaintiff with 52 separate violations of the law.

EIGHTEENTH: That following a non-jury trial, Justice Rosenwasser convicted the plaintiff of two counts of offering a false instrument for filing in the Second Degree on April 7, 2005 which was reduced to a judgment on May 27, 2005.

NINETEENTH: That following an appeal before the Appellate Division for the Second Department, it was determined by the Appellate Court that "the evidence [at trial] was legally insufficient to establish [plaintiff's] appeal beyond a reasonable doubt of offering a false instrument for filing" and the indictment filed against the plaintiff was dismissed on December 4, 2007. *See, People v. DeStefano*, 46 A.D. 3d 570 (App. Div. 2d Dept. 2007).

## JURISDICTION AND VENUE

TWENTIETH: This is a civil rights action seeking compensatory and punitive damages against the above named defendants for committing acts under color of state and/or federal law which deprived DeStefano of his rights secured under the constitution and laws of the United States and particularly under the provisions of the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and as authorized by Title 42 U.S.C. § 1983 and pursuant to Privacy Act 5 U.S.C. § 552 et.seq.; Right to Financial Privacy Act 12 U.S.C. § 3402, et.seq.

TWENTY-FIRST: Jurisdiction is conferred on this Court by 28 U.S.C. § 1343. This action is properly filed in the United States District for the Southern District of New York, as authorized by 28 U.S.C. § 1391, inasmuch as jurisdiction of this action is not founded on diversity of citizenship, each claim arose within the Southern District of New York and the defendants principal places of business and residency are located with the Southern District of New York.

## JURY TRIAL DEMANDED

TWENTY-SECOND: Plaintiff demands trial by jury of all issues in this action.

## PARTIES

TWENTY-THIRD: The plaintiff, DeStefano, was and is a resident of the City of Middletown, County of Orange, State of New York.

TWENTY-FOURTH: The defendant, Duncanson, was at all relevant times hereinafter mentioned a duly elected member of the City of Middletown's Common Council and is now serving as the City's Mayor and in that capacity has the powers and duties provided by the City's charter and as otherwise provided by law. Defendant Duncanson is being sued in her individual and official capacity.

TWENTY-FIFTH: At all times hereinafter mentioned, defendant, Duncanson, was acting

under color of law pursuant to her authority as a member of the City's Common Council and/or Mayor of the City of Middletown.

TWENTY-SIXTH: The defendant, Byrne, is/was the duly appointed Chief of Police for the City of Middletown Police Department and in that capacity has the power and duties as provided by the City of Middletown's Charter and as otherwise provided by state law. Defendant Byrne, is being sued in his individual and official capacity as Chief of Police for the City of Middletown Police Department.

TWENTY-SEVENTH: At all times hereinafter mentioned, defendant Byrne, was acting under color of law pursuant to his authority as Chief of Police for the City of Middletown Police Department.

TWENTY-EIGHTH: The defendant, Grenzhauser, was/is employed by the City of Middletown and assigned to work at the office of Economic and Community Development and in that capacity has the power and duties as provided by HUD, City of Middletown Charter, local regulations and as otherwise provided by law. Defendant Grenzhauser is being sued in her individual and official capacity.

TWENTY-NINTH: At all times hereinafter mentioned, defendant Grenzhauser, was acting under color of law pursuant to her authority as an employee assigned to the City of Middletown's Office of Economic and Community Development and as an agent and/or representative of HUD.

THIRTIETH: The defendant, Martinez, is a duly appointed officer and Special Agent of HUD and in that capacity has the powers and duties as provided by federal law. Defendant, Martinez, is sued in his individual and official capacity.

THIRTY-FIRST: At all times hereinafter mentioned, defendant, Martinez, was acting under color of federal law pursuant to his authority as Special Agent for HUD.

THIRTY-SECOND:   The defendant, Biondo, is a private citizen who was recruited by his co-defendants to conspire against the plaintiff and provide false information and testimony in support of criminal charges filed against the plaintiff.  Defendant, Biondo, is being sued in his individual capacity and in conjunction with his role as a co-conspirator.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, DESTEFANO

### MALICIOUS PROSECUTION

THIRTY-THIRD:   This plaintiff repeats, reiterates and realleges with the same force and effect as if here more fully set forth at length, each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY-SECOND".

THIRTY-FOURTH:  That at all relevant times hereinafter mentioned, the defendants, Duncanson, Byrne and Grenzhauser, and each of them, acted under their powers vested to them under state and local law to deprive plaintiff, DeStefano, of his first, fourth, fifth and fourteenth amendments and due process rights not to be the subject of a malicious and retaliatory prosecution.

THIRTY-FIFTH:   That at all relevant times hereinafter mentioned, the defendants, Martinez and Grenzhauser, and each of them, acted under their powers vested to them under federal law to deprive plaintiff, DeStefano, of his first, fourth, fifth and fourteenth amendment and due process rights not to be the subject of a malicious and retaliatory prosecution. (i.e., *Bivens*)

THIRTY-SIXTH:   That at all relevant times hereinafter mentioned, the defendant, Biondo, is liable under common law for the malicious and retaliatory prosecution of the plaintiff.

THIRTY-SEVENTH:   That the defendants, Duncanson, Byrne, Grenzhauser, Martinez and Biondo, and each of them, did initiate and/or participate in the continuation of a criminal proceeding against the plaintiff, DeStefano, which culminated in a criminal indictment which was

unsealed by the Orange County District Attorney's Office on or about August 31, 2005.

THIRTY-EIGHTH: Upon the conclusion of a non-jury trial held before Justice Stewart Rosenwasser, plaintiff Destefano, was wrongfully convicted of two counts of offering a false instrument for filing in the Second Degree on April 7, 2005 which was reduced to a judgment on May 27, 2005.

THIRTY-NINTH: On December 4, 2007 the Appellate Division for the Second Department determined that "the evidence [at trial] was legally insufficient to establish [plaintiff's] guilt beyond a reasonable doubt" and dismissed the indictment filed against the plaintiff. *People v. DeStefano*, 46 A.D. 3d 570 (App. Div. 2d Dept. 2007) Despite the strong language contained in the Appellate Division's decision, the District Attorney's Office subsequently filed on March 11, 2008 a further appeal seeking the reconsideration of the Appellate Division's decision.

FORTIETH: That the Appellate Division's final decision in *People v. DeStefano*, 46 A.D. 3d 570 (App. Div. 2d Dept. 2007) constituted the determination of the proceedings maliciously and unlawfully initiated and/or continued by the aforementioned defendants in favor of the plaintiff DeStefano.

FORTY-FIRST: That the malicious and retaliatory prosecution was initiated and/or continued by the defendants, Duncanson, Byrne, Grenzhauser, Martinez and Biondo, without probable cause to believe that plaintiff had committed any crime(s).

FORTY-SECOND: That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, failed to make an honest and reasonable inquiry into the acts or conduct plaintiff was ultimately accused of before and/or after the plaintiff was wrongfully arrested and prosecuted.

FORTY-THIRD: That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and

Biondo, and each of them, did actively withhold and/or ignore exculpatory evidence that, if taken into account, would have dissipated and/or eliminated probable cause to believe that plaintiff was involved in the commission of any crime(s).

FORTY-FOURTH:   That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, deliberately and willfully failed to consult individuals such as HUD Director Jack Johnson, Corporation Counsel Alex Smith, Corporation Counsel Richard Guertin, Director of City of Middletown's Economic Development Neal Novesky, HUD Consultant William Lowenstein or other similar individuals who possessed exculpatory evidence before initiating or promoting the malicious and/or retaliatory prosecution filed against plaintiff, DeStefano.

FORTY-FIFTH:   That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, continued to participate and assist in the prosecution of the plaintiff, Joseph DeStefano, after becoming fully aware of exculpatory evidence which established plaintiff's innocence.

FORTY-SIXTH:   That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, for their own personal and/or political reasons acted individually and collectively with malice in the initiation and continuation of a criminal proceeding against the plaintiff, DeStefano, which was without probable cause and designed by the defendants for the purpose of: (1) concealing defendants' prior acts of official misconduct; (2) the advancement of defendants' personal and political careers; and/or (3) for the personal and political destruction of the plaintiff.

FORTY-SEVENTH: That the claims for malicious prosecution brought against the defendants, Duncanson, Byrne and Grenzhauser and Biondo, and each of them, for their malicious and retaliatory prosecution of the plaintiff, DeStefano, in violation of his first, fourth, fifth and

fourteenth amendment and due process rights is authorized pursuant to 42 U.S.C. § 1983.

FORTY-EIGHTH: That the claims for malicious prosecution brought against the defendants, Martinez and Grenzhauser, and each of them, for their malicious prosecution of the plaintiff, DeStefano, in violation of his first, fourth, fifth and fourteenth amendments and due process rights is authorized by the Supreme Court in *Bivens*.

FORTY-NINTH: That plaintiff was required to expend a great deal of time and money defending himself in Court at trial and during the course of his subsequent appeal.

FIFTIETH: That the claims for malicious prosecution brought against the defendant, Biondo, for their malicious prosecution of the plaintiff, DeStefano, is authorized by common-law.

FIFTY-FIRST: That as a result of the defendants' malicious prosecution, the plaintiff, DeStefano, was caused to suffer shame, humiliation, fear of criminal prosecution, loss of career prospects and financial damage due to the lost of his political career and personal business interests.

FIFTY-SECOND: That as a result of the foregoing, the plaintiff, DeStefano, has sustained damages and personal injuries, in an amount which exceeds the jurisdictional limits of all lower Courts which may have subject matter jurisdiction hereof.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, DESTEFANO

### CONSPIRACY

FIFTY-THIRD: Plaintiff repeats, reiterates and realleges with the same force and effect as if here more fully set forth at length, each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY-SECOND" and "THIRTY-FOURTH: through "FIFTY-SECOND".

FIFTY-FOURTH: That the defendants, Duncanson, Byrne, Grenzhauser and Biondo, and

each of them, acted in a wilful manner, culminating in an agreement, understanding, or meeting of the minds that violated plaintiff, DeStefano's rights, privileges, immunities secured by the First, Fourth, Fifth and Fourteenth Amendments of the Constitution as well as plaintiff's rights to procedural and substantive due process and equal protection of the laws.

FIFTY-FIFTH: That in response to and as a result of challenges raised by the plaintiff as Mayor of the City of Middletown to issues of corruption and misconduct involving the defendants, Duncanson, Byrne, Grenzhauser and Biondo, these individuals agreed to cooperate with each other for the purpose of initiating false and unsupported criminal charges against the plaintiff.

FIFTY-SIXTH: That as early as calendar year 2002, Duncanson, Byrne, Grenzhauser and Biondo, and each of them, together with several other unnamed individuals, actively began to pursue and initiate criminal charges against the plaintiff, DeStefano, which such agencies as the New York State Attorney General's Office, New York State Commission of Investigations, New York State Liquor Authority and the U.S. Attorney's Office for the Southern District of New York all of who investigated defendants' claims against the plaintiff and declined to otherwise prosecute.

FIFTY-SEVENTH: That in furtherance of said conspiracy, defendant, Duncanson and/or Byrne, encouraged and/or persuaded defendant Grenzhauser, to secretly supply defendant Martinez with financial information pertaining to plaintiff and his private companies, which were in the possession of the City of Middletown's Office for Economic Development all in an effort to encourage and secure the commencement of a malicious and retaliatory prosecution against plaintiff, DeStefano.

FIFTY-EIGHTH: That in an effort to hinder an independent investigation into acts of criminal wrongdoing on the part of the defendant, Grenzhauser, this individual with the support and and cooperation of the defendants, Duncanson and/or Byrne, did meet with defendant, Martinez, for

the purpose of secretly supplying him with financial information about and concerning the plaintiff and his private businesses without the consent of the plaintiff, without the permission or authorization of the City of Middletown, the City of Middletown Office of Economic Developments or the federal officials in charge of HUD.

FIFTY-NINTH: Upon information and belief, defendants, Duncanson and/or Byrne agreed not to investigate or prosecute defendant Grenzhauser criminally in exchange for her role in this collective scheme to destroy the plaintiff.

SIXTIETH: That in furtherance of this conspiracy, the defendants, Duncanson, Byrne, Grenzhauser and Biondo, and each of them, did make certain commitments to one another to provide future aid and political support in the furtherance of their personal and/or political interest and to prevent the disclosure of their misconduct by the plaintiff as Mayor of the City of Middletown.

SIXTY-FIRST: That as a part of this conspiracy, defendant, Duncanson and/or Byrne, planned, encouraged and supported defendant Biondo in providing false and/or misleading information to the New York State Police, Orange County Grand Jury and the Orange County District Attorney's Office about and concerning plaintiff DeStefano and his private businesses all in the furtherance of the defendants' common scheme to ensure the political and personal destruction of the plaintiff.

SIXTY-SECOND: That in furtherance of this conspiracy, defendant, Byrne, did specifically target plaintiff's private place of business for the purposes of creating referrals to the State Liquor Authority and in an effort to jeopardize plaintiff's ability to operate a local night club known as "28 West."

SIXTY-THIRD: That during the same time period, defendant, Duncanson, personally filed complaints and grievances with the State Liquor Authority in furtherance of this conspiracy.

SIXTY-FOURTH: That this discriminatory enterprise entered into by the aforementioned defendants was in direct response to the lawful statements and actions taken by the plaintiff as Mayor of the City of Middletown who was vested with the duty and obligations to protect the interests of the City.

SIXTY-FIFTH: That in furtherance of this conspiracy, defendants, Duncanson, Byrne, Grenzhauser and Biondo, did provide members of the New York State Police and the Orange County District Attorney's Office with false and/or incomplete information about and concerning wrongful activities engaged in by the plaintiff as a private citizen and as Mayor of the City of Middletown which served as a basis for the warrant executed by Justice Steward Rosenwasser on April 30, 2004, the subsequent search of the plaintiff's office as Mayor of the City of Middletown, and the plaintiff's criminal prosecution following an unsealed indictment on August 31, 2004.

SIXTY-SIXTH: That the identity of the defendant Grenzhauser as a confidential informant for the Orange County District Attorney's Office was not made known to the plaintiff until this defendant testified at plaintiff's criminal trial.

SIXTY-SEVENTH: That as a result of the conspiratorial enterprise entered into by these defendants, the plaintiff, DeStefano, was caused to suffer shame, humiliation, fear of criminal prosecution, loss of career prospects and financial damage due to the lost of his political career and personal business interests.

SIXTY-EIGHTH: That as a result of the foregoing, the plaintiff, DeStefano, has sustained damages and personal injuries, in an amount which exceeds the jurisdictional limits of all other Courts which may have subject matter jurisdiction hereof.

**AS AND FOR A THIRD CAUSE OF ACTION ON
BEHALF OF THE PLAINTIFF, DESTEFANO
PRIVACY ACT 5 U.S.C. § 552(a), et.seq.,**

**12 U.S.C. § 3401 et.seq.**

SIXTY-NINTH:    Plaintiff repeats, reiterates and realleges with the same force and effect as if here more fully set forth at length, each and every allegation contained in paragraphs "FIRST" through "THIRTY-SECOND", "THIRTY-FOURTH" through "FIFTY-SECOND" and "FIFTY-FOURTH" through "SIXTY-EIGHTH".

SEVENTIETH:    That the City of Middletown's Office of Economic Development constitutes a "financial institution" as defined by 5 U.S.C. § 552(a), et.seq. and 12 U.S.C. § 3401 et.seq.

SEVENTH-FIRST:    That at all relevant times hereinafter mentioned, defendant, Grenzhauser and/or Martinez acted with the "government authority" of the United States as an officer, employee or agent of the federal government.

SEVENTY-SECOND:    That at all times hereinafter mentioned, the City of Middletown Office of Economic Development possessed and was responsible for keeping confidential, personal and financial records pertaining to the plaintiff, DeStefano.

SEVENTY-THIRD:    That at no time did plaintiff, DeStefano, authorize the disclosure, copying or transfer of his personal, financial and/or business records in the possession of the City of Middletown Office of Economic Development.

SEVENTY-FOURTH:    That beginning on or about April 22, 2002, defendant, Grenzhauser, and in furtherance of her collaborative efforts with her co-conspirators, did copy, transfer and disclose confidential financial records concerning plaintiff and in his various business interests to the defendant, Martinez.

SEVENTY-FIFTH:    That the defendants, Grenzhauser and/or Martinez, did not possess or secure an administrative subpoena, search warrant, judicial subpoena or other legal authority before

the transfer and exchange of such information took place.

SEVENTY-SIXTH:    That at no time did defendant, Martinez, certify to in writing to the City of Middletown Office of Economic Development that defendant, Martinez had compiled with the applicable provisions of right to Financial Privacy Act. *See,* 12 U.S.C. § 3403(b).

SEVENTY-SEVENTH:    That at the request and/or encouragement of the defendants, Duncanson, Byrne and/or Martinez, defendant Grenzhauser, did copy and transfer records/files belonging to the City of Middletown Office of Economic Development and containing personal financial information about and concerning plaintiff, DeStefano, without permission of the City, without the consent of the Office of Economic Development Director Neal Novesky and in violation of federal law and in particular 5 U.S.C. § 552a et.seq.; 12 U.S.C. § 3401 et.seq.

SEVENTY-EIGHTH:    That as a direct and proximate result of defendants' violations in 5 U.S.C. § 552(a) et.seq.; 12 U.S.C. § 3401 et.seq., plaintiff, DeStefano, did sustain actual damages to his business interest, lost of his political career as Mayor with the associate, lost of future career and prospects and the cost and legal expenses associated with defending himself in response to false criminal charges.

SEVENTY-NINTH:    That such violation was in furtherance of defendants' conspiracy as aforementioned was done willfully and/or intentionally to inflict personal, political and financial harm on the plaintiff, DeStefano authorizing punitive damages purusuant to 12 U.S.C. § 3417(3).

EIGHTIETH: That as a result of the foregoing, the plaintiff, DeStefano, has sustained damages and personal injuries in an amount which exceeds the jurisdictional limits of all other Courts which may have subject matter jurisdictional hereof.

WHEREFORE, the plaintiff, Joseph DeStefano, pray that this Honorable Court:

1.    Accept jurisdiction over this case;

2.  Empanel a jury to hear and decide this matter;

3.  Award plaintiff compensatory damages against all defendants and punitive damages against all individual defendants;

4.  Award plaintiff reasonable costs of this litigation including attorneys' fees pursuant to 42 U.S.C. § 1988; 12 U.S.C. § 3417(4); 5 U.S.C. § 552a(B); and

5.  Order any other relief it deems just and proper.

Dated: Goshen, New York
April 7, 2008

Yours, etc.,

DUPEE & MONROE, P.C.

BY: _____
JAMES E. MONROE, ESQ.(JM2266)
Office and P.O. Address
211 Main St., P.O. Box 470
Goshen, New York 10924
(845) 294-8900
email: law@dupeelaw.com

TO: MAYOR MARLINDA DUNCANSON
c/o City of Middletown
16 James St.
Middletown, NY 10940

Police Chief Matthew Byrne
c/o City of Middletown Police Department
2 James St.
Middletown, NY 10940

Julie Grenzhauser-Montalvo
c/o City of Middletown
Office of Economic Development
16 James St.
Middletown, NY 10940

Special Agent William Martinez
c/o U.S. Department of Housing and Urban Development

Office of Inspector General
26 Federal Plaza, Ste. 3437
New York, NY  10278

Vincent Biondo
8 Williams St.
Middletown, NY  10940