UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH DE STEFANO,                                   CASE #08Civ3419

                      Plaintiff,
                                                                    **FIRST AMENDED**
   -against-                                                **COMPLAINT & JURY**
                                                                    **TRIAL DEMAND**

MAYOR MARLINDA DUNCANSON, in her
individual and official capacity, POLICE CHIEF
MATTHEW T. BYRNE, in his individual and
official capacity, SPECIAL AGENT WILLIAM
MARTINEZ, in his individual and official capacity,
JULIE GRENZHAUSER-MONTALVO, in her
individual and official capacity and VINCENT
BIONDO,

                      Defendants.
-----------------------------------------------------------------X

      Plaintiff, Joseph DeStefano, by and through his attorneys, Dupee & Monroe, P.C., as and for his Complaint & Jury Trial Demand, upon information and belief, alleges as follows:

### INTRODUCTION

    FIRST:     This is a civil rights action brought pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, as amended, seeking redress for defendants' deprivations, under color of state and federal law, of the plaintiff's rights, privileges and immunities secured by the United States Constitution and the laws of the United States including the Privacy Act 5 U.S.C. § 552 et.seq.; Right to Financial Privacy Act 12 U.S.C. § 3402, et.seq. and the laws of the State of New York.

    SECOND:    That beginning on or about January 1, 1994 plaintiff, Joseph DeStefano (hereinafter "DeStefano"), was the duly elected Mayor of the City of Middletown until he was forced to resign on or about April 11, 2005.

TENTH: That during plaintiff DeStefano's tenure as Mayor, he openly challenged acts of public corruption and/or misconduct involving the defendant Duncanson and/or members of her immediate family which included the following:

(a.) misuse of the City's tax identification number for the purchase of personal items and the avoidance of sales tax;

(b.) participating in local legislation which involved monies and/or benefits to be received by defendant's husband as the City's Fire Inspector or son as a police officer;

(c.) challenging defendant Duncanson's husband's right to serve as the City's Fire Inspector at a time when his state certification(s) had lapsed;

(d.) prohibiting defendant Duncanson from searching through the City's records without proper authorization and consent;

(e.) prohibiting defendant Duncanson from congregating around sensitive areas within the City of Middletown Police Department;

(f.) misuse of City's funds for personal travel expenses incurred by Duncanson and her husband; and

(g.) falsification of fire inspection reports committed by defendant Duncanson's husband as Fire Inspector for the City of Middletown.

ELEVENTH: That during plaintiff DeStefano's tenure as Mayor, he had openly challenged acts of public corruption involving the defendant Byrne and/or members of his police department which included the following:

(a.) misappropriation of veteran's benefits;

(b.) misappropriation of vacation benefits;

(c.) misappropriation of overtime benefits;

(d.) use of police powers to cause personal and financial harm to the plaintiff by the filing of unsubstantiated complaints with the State Liquor Authority; and

(e.) failure as Police Chief to address: police officer(s) collecting rental income on property owned by the City of Middletown; acts of sexual abuse; acts of violence against the spouses of police officers; police officers drinking and/or sleeping on duty; failure to refer police officers with known substance dependencies to the City's Employee Assistance Program.

TWELFTH: That as Mayor of the City of Middletown, plaintiff, DeStefano opposed many of the public initiatives supported by the defendants, Duncanson and Byrne out of concern for the welfare of the citizens of the City of Middletown.

THIRTEENTH: That as a product of plaintiff DeStefano's unwillingness to tolerate acts of public corruption and/or misconduct, together with his firm opposition to many of the public initiatives supported or sponsored by the defendants, Duncanson and/or Byrne, these defendants, and each of them, saw fit to retaliate against the plaintiff by initiating and/or filing malicious charges about and concerning the plaintiff with such public entities as the New York State Attorney General's Office, the New York State Commission of Investigations, the New York State Liquor Authority, the U.S. Department of Housing and Urban Development, the U.S. Attorney's Office for the Southern District of New York, the New York State Police and the Orange County District Attorney's Office.

FOURTEENTH: That in the course of pursuing their own personal and political agendas, and in a further effort to conceal acts of public corruption committed by themselves, members of their immediate family, or individuals under their command, defendants, and each of them, recruited the assistance of the defendants, Grenzhauser and Biondo, among other unnamed individuals, for the sole purpose of bringing about the personal and political destruction of the

plaintiff.

FIFTEENTH: That the defendants, and each of them, presented false allegations and charges against the plaintiff, DeStefano, as Mayor of the City of Middletown with the New York State Attorney General's Office, New York State Commission of Investigations and the U.S. Attorney's Office for the Southern District of New York, who for their own reasons, declined to prosecute the plaintiff.

SIXTEENTH: That in response to plaintiff, DeStefano's public and private challenges to the misconduct of the defendant Byrne and those officers under his command, this defendant, did intentionally target the plaintiff's privately owned nightclub known as "28 West" by dramatically increasing the number of referrals made by the City of Middletown Police Department to the State Liquor Authority about and concerning "28 West's" operations and thereby placing the plaintiff's license to sell alcohol in jeopardy.

SEVENTEENTH: That as a product of the collective and coordinated efforts of the defendants, plaintiff was arrested on August 31, 2004 and arraigned before County Court Justice Stewart Rosenwasser on an unsealed indictment which falsely charged the plaintiff with 52 separate violations of the law.

EIGHTEENTH: That following a non-jury trial, Justice Rosenwasser convicted the plaintiff of two counts of offering a false instrument for filing in the Second Degree on April 7, 2005 which was reduced to a judgment on May 27, 2005.

NINETEENTH: That following an appeal before the Appellate Division for the Second Department, it was determined by the Appellate Court on December 4, 2007 that "the evidence [at trial] was legally insufficient to establish [plaintiff's] guilt beyond a reasonable doubt of offering a false instrument for filing" and the indictment filed against the plaintiff was dismissed. *People v.*

*DeStefano*, 46 A.D. 3d 570 (App. Div. 2d Dept. 2007).

## JURISDICTION AND VENUE

TWENTIETH: This is a civil rights action seeking compensatory and punitive damages against the above named defendants for committing acts under color of state and/or federal law which deprived DeStefano of his rights secured under the constitution and laws of the United States and the State of New York and particularly under the provisions of the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and as authorized by Title 42 U.S.C. § 1983 and the U.S. Supreme Court in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971); and pursuant to Privacy Act 5 U.S.C. § 552 et.seq.; Right to Financial Privacy Act 12 U.S.C. § 3402, et.seq.

TWENTY-FIRST: Jurisdiction is conferred on this Court by 28 U.S.C. § 1343. This action is properly filed in the United States District Court for the Southern District of New York, as authorized by 28 U.S.C. § 1391, inasmuch as jurisdiction of this action is not founded on diversity of citizenship, each claim arose within the Southern District of New York and the defendants' principal places of business and residency are located with the Southern District of New York. Pendent jurisdiction is conferred upon this Court to preside over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

## JURY TRIAL DEMANDED

TWENTY-SECOND: Plaintiff demands trial by jury of all issues in this action.

## PARTIES

TWENTY-THIRD: The plaintiff, DeStefano, was and is a resident of the City of Middletown, County of Orange, State of New York.

TWENTY-FOURTH: The defendant, Duncanson, was at all relevant times hereinafter

mentioned a duly elected member of the City of Middletown's Common Council and is now serving as the City's Mayor and in that capacity has the powers and duties provided by the City's charter and as otherwise provided by law. Defendant Duncanson is being sued in her individual and official capacity.

TWENTY-FIFTH: At all times hereinafter mentioned, defendant, Duncanson, was acting under color of state law pursuant to her authority as a member of the City's Common Council and/or Mayor of the City of Middletown.

TWENTY-SIXTH: The defendant, Byrne, is/was the duly appointed Chief of Police for the City of Middletown Police Department and in that capacity has the power and duties as provided by the City of Middletown's Charter and as otherwise provided by state law. Defendant Byrne, is being sued in his individual and official capacity as Chief of Police for the City of Middletown Police Department.

TWENTY-SEVENTH: At all times hereinafter mentioned, defendant Byrne, was acting under color of state law pursuant to his authority as Chief of Police for the City of Middletown Police Department.

TWENTY-EIGHTH: The defendant, Grenzhauser, was/is employed by the City of Middletown and assigned to work at the office of Economic and Community Development and in that capacity has the power and duties as provided by HUD, City of Middletown Charter, local regulations and as otherwise provided by law. Defendant Grenzhauser is being sued in her individual and official capacity.

TWENTY-NINTH: At all times hereinafter mentioned, defendant Grenzhauser, was acting under color of State and/or Federal law pursuant to her authority as an employee assigned to the City of Middletown's Office of Economic and Community Development and as an agent and/or

representative of HUD.

THIRTIETH: The defendant, Martinez, is a duly appointed officer and Special Agent of HUD and in that capacity has the powers and duties as provided by federal law. Defendant Martinez is sued in his individual and official capacity.

THIRTY-FIRST: At all times hereinafter mentioned, defendant, Martinez, was acting under color of federal law pursuant to his authority as Special Agent for HUD.

THIRTY-SECOND: The defendant, Biondo, is a private citizen who was recruited by his co-defendants to conspire against the plaintiff and provide false information and testimony in support of criminal charges filed against the plaintiff. Defendant Biondo is being sued in his individual capacity and in conjunction with his role as a co-conspirator.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, DESTEFANO

### MALICIOUS PROSECUTION

THIRTY-THIRD: This plaintiff repeats, reiterates and realleges with the same force and effect as if here more fully set forth at length, each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY-SECOND".

THIRTY-FOURTH: That at all relevant times hereinafter mentioned, the defendants, Duncanson, Byrne and Grenzhauser, and each of them, acted under their powers vested to them under Federal, State and/or local law to deprive plaintiff, DeStefano, of his rights under the First, Fourth, Fifth and Fourteenth Amendments and Due Process clause not to be the subject or target at retaliatory prosecution.

THIRTY-FIFTH: That at all relevant times hereinafter mentioned, the defendants, Martinez and Grenzhauser, and each of them, acted under their powers vested to them under Federal,

State and/or local law to deprive plaintiff, DeStefano, of his rights under the First, Fourth, Fifth and Fourteenth Amendment and Due Process rights not to be the subject of a malicious and/or retaliatory prosecution. (i.e., *Bivens*)

THIRTY-SIXTH:   That at all relevant times hereinafter mentioned, the defendant, Biondo, is liable under common law for the malicious and/or retaliatory prosecution of the plaintiff.

THIRTY-SEVENTH:   That the defendants, Duncanson, Byrne, Grenzhauser, Martinez and Biondo, and each of them, did initiate and/or participate in the continuation of a criminal proceeding against the plaintiff, DeStefano, which culminated in a criminal indictment which was unsealed on or about August 31, 2004.

THIRTY-EIGHTH:   Upon the conclusion of a non-jury trial held before Justice Stewart Rosenwasser, plaintiff, Destefano, was wrongfully convicted of two counts of offering a false instrument for filing in the Second Degree on April 7, 2005 which was reduced to a judgment on May 27, 2005.

THIRTY-NINTH:   On December 4, 2007 the Appellate Division for the Second Department determined that "the evidence [at trial] was legally insufficient to establish [plaintiff's] guilt beyond a reasonable doubt" and dismissed the indictment filed against the plaintiff. *People v. DeStefano*, 46 A.D. 3d 570 (App. Div. 2d Dept. 2007) Despite the strong language contained in the Appellate Division's decision, the District Attorney's Office subsequently filed a further appeal seeking the reconsideration of the Appellate Division's decision which was denied on March 11, 2008.

FORTIETH:   That the Appellate Division's final decision in *People v. DeStefano*, 46 A.D. 3d 570 (App. Div. 2d Dept. 2007) represented a final adjudication and dismissal of all criminal charges in favor of the plaintiff.

FORTY-FIRST: That the malicious and retaliatory prosecution was initiated and/or continued by the defendants, Duncanson, Byrne, Grenzhauser, Martinez and Biondo, without probable cause to believe that plaintiff had committed any crime(s).

FORTY-SECOND: That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, failed to make an honest and reasonable inquiry into the alleged criminal act(s) or conduct plaintiff was ultimately accused of before and/or after the plaintiff was wrongfully arrested and prosecuted.

FORTY-THIRD: That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, did actively withhold and/or ignore exculpatory evidence that, if taken into account, would have dissipated and/or eliminated probable cause to believe that plaintiff was involved in the commission of any crime(s).

FORTY-FOURTH: That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, deliberately and willfully failed to consult individuals such as: HUD Director Jack Johnson, Corporation Counsel Alex Smith, former/then Corporation Counsel Richard Guertin, Director of City of Middletown's Economic Development Neal Novesky, HUD Consultant William Lowenstein or other similar individuals who possessed exculpatory evidence, before initiating or promoting the malicious and/or retaliatory prosecution filed against plaintiff, DeStefano.

FORTY-FIFTH: That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, continued to participate and assist in the prosecution of the plaintiff, Joseph DeStefano, after becoming fully aware of exculpatory evidence which established plaintiff's innocence.

FORTY-SIXTH: That the defendants, Duncanson, Byrne, Martinez, Grenzhauser and Biondo, and each of them, for their own personal and/or political reasons, acted individually and

collectively, with malice in the initiation and continuation of a criminal proceeding against the plaintiff, DeStefano, which was without probable cause and designed by the defendants for the purpose of: (1) concealing defendants' prior acts of official misconduct; (2) the advancement of defendants' personal and political careers; and/or (3) for the personal and political destruction of the plaintiff.

FORTY-SEVENTH: That the claims for malicious prosecution brought against the defendants, Duncanson, Byrne and Grenzhauser and Biondo, and each of them, for their malicious and retaliatory prosecution of the plaintiff, DeStefano, in violation of his rights under the First, Fourth, Fifth and Fourteenth Amendment and Due Process rights is authorized pursuant to 42 U.S.C. § 1983.

FORTY-EIGHTH: That the claims for malicious prosecution brought against the defendants, Martinez and Grenzhauser, and each of them, for their malicious prosecution of the plaintiff, DeStefano, in violation of his rights under the First, Fourth, Fifth and Fourteenth Amendments and Due Process rights is authorized by the Supreme Court in *Bivens, supra.*

FORTY-NINTH: That plaintiff was required to expend a great deal of time and money defending himself in connection with the criminal charges filed against him.

FIFTIETH: That the claims for malicious prosecution brought against the defendant, Biondo, for the malicious prosecution of the plaintiff, DeStefano, is authorized by common-law.

FIFTY-FIRST: That as a result of the defendants' malicious prosecution, the plaintiff, DeStefano, was caused to suffer shame, humiliation, fear of criminal prosecution, loss of career prospects and financial damages due to the loss of his political career and personal business interests.

FIFTY-SECOND: That as a result of the foregoing, the plaintiff, DeStefano, has sustained damages and personal injuries, in an amount which exceeds the jurisdictional limits of all lower

Courts which may have subject matter jurisdiction hereof.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, DESTEFANO

### CONSPIRACY

FIFTY-THIRD:     Plaintiff repeats, reiterates and realleges with the same force and effect as if here more fully set forth at length, each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY-SECOND" and "THIRTY-FOURTH: through "FIFTY-SECOND".

FIFTY-FOURTH:     That the defendants, Duncanson, Byrne, Grenzhauser and Biondo, and each of them, acted in a wilful manner, culminating in an agreement, understanding, or meeting of the minds that violated plaintiff, DeStefano's rights, privileges, immunities secured by the First, Fourth, Fifth and Fourteenth Amendments of the Constitution as well as plaintiff's rights to procedural and substantive Due Process and equal protection of the laws.

FIFTY-FIFTH:     That in response to and as a result of challenges raised by the plaintiff as Mayor of the City of Middletown to issues of corruption and/or misconduct involving the defendants, Duncanson, Byrne, Grenzhauser and Biondo, these individuals agreed to cooperate with each other for the purpose of initiating false and unsupported criminal charges against the plaintiff.

FIFTY-SIXTH:     That as early as calendar year 2002, Duncanson, Byrne, Grenzhauser and Biondo, and each of them, together with several other unnamed individuals, actively began to pursue and initiate criminal charges against the plaintiff with such agencies as the New York State Attorney General's Office, New York State Commission of Investigations, New York State Liquor Authority and the U.S. Attorney's Office for the Southern District of New York all of whom investigated defendants' claims against the plaintiff and declined to prosecute.

FIFTY-SEVENTH: That in furtherance of said conspiracy, defendant, Duncanson and/or Byrne, encouraged and/or persuaded defendant Grenzhauser, to secretly supply defendant Martinez with financial information pertaining to plaintiff and his private companies, which were in the possession of the City of Middletown's Office for Economic Development all in an effort to advance and secure the commencement of a malicious and retaliatory prosecution against plaintiff, DeStefano.

FIFTY-EIGHTH: That in an effort to hinder an independent investigation into acts of criminal wrongdoing on the part of the defendant, Grenzhauser, this defendant with the support and and cooperation of her co-conspirators, Duncanson and/or Byrne, did meet with defendant, Martinez, for the purpose of secretly supplying him with financial information about and concerning the plaintiff and his private businesses without the consent of the plaintiff, without the permission or authorization of the City of Middletown, the City of Middletown Office of Economic Development or the federal officials in charge of HUD.

FIFTY-NINTH: Upon information and belief, defendants, Duncanson and/or Byrne agreed not to investigate or prosecute defendant Grenzhauser criminally in exchange for her role in this collective scheme to cause personal, political and financial destruction to the plaintiff.

SIXTIETH: That in furtherance of this conspiracy, the defendants, Duncanson, Byrne, Grenzhauser and Biondo, and each of them, did make certain commitments to one another to provide future aid and political support in the furtherance of their personal and/or political interests and to prevent the disclosure of their misconduct by the plaintiff as Mayor of the City of Middletown.

SIXTY-FIRST: That as a part of this conspiracy, defendant, Duncanson and/or Byrne, planned, encouraged and supported defendant Biondo in providing false and/or misleading information to the New York State Police, Orange County Grand Jury and the Orange County

District Attorney's Office about and concerning plaintiff DeStefano and his private businesses all in the furtherance of the defendants' common scheme to ensure the political and personal destruction of the plaintiff.

SIXTY-SECOND: That in furtherance of this conspiracy, defendant, Byrne, did specifically target plaintiff's private place of business for the purposes of creating referrals to the State Liquor Authority and in an effort to jeopardize plaintiff's ability to operate a local night club known as "28 West."

SIXTY-THIRD: That during the same time period, defendant, Duncanson, personally filed complaints and grievances with the State Liquor Authority in furtherance of this conspiracy.

SIXTY-FOURTH: That this discriminatory enterprise entered into by the aforementioned defendants was in direct response to the lawful statements and actions taken by the plaintiff as Mayor of the City of Middletown who was vested with the duty and obligations to protect the interests of the City.

SIXTY-FIFTH: That in furtherance of this conspiracy, defendants, Duncanson, Byrne, Grenzhauser and Biondo, did provide members of the New York State Police and the Orange County District Attorney's Office with false and/or incomplete information about and concerning wrongful activities allegedly engaged in by the plaintiff as a private citizen and as Mayor of the City of Middletown which served as a basis for the warrant executed by Justice Stewart Rosenwasser on April 30, 2004, the subsequent search of the plaintiff's office as Mayor of the City of Middletown, and the plaintiff's criminal prosecution following an unsealed indictment on August 31, 2004.

SIXTY-SIXTH: That the identity of the defendant Grenzhauser as a confidential informant for the Orange County District Attorney's Office was not made known to the plaintiff until this defendant testified at plaintiff's criminal trial.

SIXTY-SEVENTH: That as a result of the conspiratorial enterprise entered into by these defendants, the plaintiff, DeStefano, was caused to suffer shame, humiliation, fear of criminal prosecution, loss of career prospects and financial damages due to the loss of his political career and personal business interests.

SIXTY-EIGHTH: That as a result of the foregoing, the plaintiff, DeStefano, has sustained damages and personal injuries, in an amount which exceeds the jurisdictional limits of all other Courts which may have subject matter jurisdiction hereof.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, DESTEFANO PRIVACY ACT 5 U.S.C. § 552(a), et.seq., RIGHT TO FINANCIAL PRIVACY ACT 12 U.S.C. § 3401 et.seq.

SIXTY-NINTH: Plaintiff repeats, reiterates and realleges with the same force and effect as if here more fully set forth at length, each and every allegation contained in paragraphs "FIRST" through "THIRTY-SECOND", "THIRTY-FOURTH" through "FIFTY-SECOND" and "FIFTY-FOURTH" through "SIXTY-EIGHTH".

SEVENTIETH: That the City of Middletown's Office of Economic Development constitutes a "financial institution" as defined by 5 U.S.C. § 552(a), et.seq. and 12 U.S.C. § 3401 et.seq.

SEVENTH-FIRST: That at all relevant times hereinafter mentioned, defendant, Grenzhauser and/or Martinez acted with the "government authority" of the United States as an officer, employee or agent of the federal government.

SEVENTY-SECOND: That at all times hereinafter mentioned, the City of Middletown Office of Economic Development possessed and was responsible for keeping confidential, personal and financial records pertaining to the plaintiff, DeStefano.

SEVENTY-THIRD: That at no time did plaintiff, DeStefano, authorize the disclosure, copying or transfer of his personal, financial and/or business records in the possession of the City of Middletown Office of Economic Development.

SEVENTY-FOURTH: That beginning on or about April 22, 2002, defendant, Grenzhauser, and in furtherance of her collaborative efforts with her co-conspirators, did copy, transfer and disclose confidential financial records concerning plaintiff and his various business interests to the defendant, Martinez.

SEVENTY-FIFTH: That the defendants, Grenzhauser and/or Martinez, did not possess or secure an administrative subpoena, search warrant, judicial subpoena or other legal authority before the transfer and exchange of such information took place.

SEVENTY-SIXTH: That at no time did defendant, Martinez, certify in writing to the City of Middletown Office of Economic Development that defendant, Martinez had compiled with the applicable provisions of the right to Financial Privacy Act before he received such information. *See,* 12 U.S.C. § 3403(b).

SEVENTY-SEVENTH: That at the request and/or encouragement of the defendants, Duncanson, Byrne and/or Martinez, defendant Grenzhauser, did copy and transfer records/files belonging to the City of Middletown Office of Economic Development and containing personal financial information about and concerning plaintiff, DeStefano, without permission of the City, without the consent of the Office of Economic Development Director Neal Novesky and in violation of federal law and in particular 5 U.S.C. § 552a et.seq.; 12 U.S.C. § 3401 et.seq.

SEVENTY-EIGHTH: That as a direct and proximate result of defendants' violations of 5 U.S.C. § 552(a) et.seq.; 12 U.S.C. § 3401 et.seq., plaintiff, DeStefano, did sustain actual damages to his business interests, loss of his political career as Mayor with the associated, loss of

future career prospects and the costs and legal expenses associated with defending himself in connection with the criminal charages filed against him.

SEVENTY-NINTH: That such violations were in furtherance of defendants' conspiracy as aforementioned and was done willfully and/or intentionally to inflict personal, political and financial harm on the plaintiff, DeStefano justifying an award of punitive damages purusuant to 12 U.S.C. § 3417(3).

EIGHTIETH: That as a result of the foregoing, the plaintiff, DeStefano, has sustained damages and personal injuries in an amount which exceeds the jurisdictional limits of all other Courts which may have subject matter jurisdictional hereof.

WHEREFORE, the plaintiff, Joseph DeStefano, prays that this Honorable Court:

1. Accept jurisdiction over this case;

2. Empanel a jury to hear and decide this matter;

3. Award plaintiff compensatory damages against all defendants and punitive damages against all individual defendants;

4. Award plaintiff reasonable costs, disbursements and interest associated with this litigation including attorneys' fees pursuant to 42 U.S.C. § 1988; 12 U.S.C. § 3417(4); 5 U.S.C. § 552a(B); and

5. Order any other relief it deems just and proper.

Dated: Goshen, New York
April 8, 2008

Yours, etc.,
DUPEE & MONROE, P.C.

BY: _____
JAMES E. MONROE, ESQ.(JM2266)
Office and P.O. Address

211 Main St., P.O. Box 470
Goshen, New York 10924
(845) 294-8900
email: law@dupeelaw.com

TO:    MAYOR MARLINDA DUNCANSON
c/o City of Middletown
16 James St.
Middletown, NY 10940

Police Chief Matthew Byrne
c/o City of Middletown Police Department
2 James St.
Middletown, NY 10940

Julie Grenzhauser-Montalvo
c/o City of Middletown
Office of Economic Development
16 James St.
Middletown, NY 10940

Special Agent William Martinez
c/o U.S. Department of Housing and Urban Development
Office of Inspector General
26 Federal Plaza, Ste. 3437
New York, NY 10278

Vincent Biondo
8 Williams St.
Middletown, NY 10940