UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH DE STEFANO,                                       08 civ. 3419

                        Plaintiff,

        -against-                                    **VERIFIED ANSWER TO**
                                             **FIRST AMENDED COMPLAINT**

MAYOR MALINDA-DUNCANSON, in her
Individual and official capacity, POLICE CHIEF
MATTHEW T. BYRNE, in his individual and
official capacity, SPECIAL AGENT WILLIAM
MARTINEZ, in his individual and official capacity,
JULIE GRENZHAUSER-MONTALVO, in her
individual and official capacity and VINCENT
BIONDO,

                        Defendants.
------------------------------------------------------------------X

       Defendant named herein as POLICE CHIEF MATTHEW T. BYRNE, in his individual and official capacity, by his attorneys, **HODGES, WALSH & SLATER, LLP**, as and for an Answer to plaintiffs' First Amended Complaint dated April 8, 2008, allege upon information and belief as follows:

### INTRODUCTION

       1.    Denies each and every allegation contained in paragraphs "FIRST", "TENTH", "ELEVENTH", "TWELFTH", "THIRTEENTH", "FOURTEENTH", "FIFTEENTH", "SIXTEENTH" and "SEVENTEENTH" of the Plaintiff's First Amended Complaint.

       2.    Denies each and every allegation contained in paragraphs "SECOND" of the Plaintiff's First Amended Complaint but admits plaintiff, Joseph DeStefano was the Mayor of the City of Middletown.

3. Denies each and every allegation contained in paragraphs "FOURTH" of the Plaintiff's First Amended Complaint but admits Police Chief Matthew T. Byrne (hereinafter "Byrne") was hired by the City of Middletown Police Commission to serve as a police officer for the City of Middletown.

4. Denies each and every allegation contained in paragraphs "FIFTH" of the Plaintiff's First Amended Complaint but admits that on or about April 6, 2002, defendant, Byrne was Chief of Police for the City of Middletown Police Department.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "SIXTH", "EIGHTH", "NINTH" and "NINETEENTH" of the Plaintiff's First Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "SEVENTH" of the Plaintiff's First Amended Complaint and refers all questions of law to this Court.

## JURISDICTION AND VENUE

7. Denies each and every allegation contained in paragraphs "TWENTIETH", and "TWENTY-FIRST" of the Plaintiff's First Amended Complaint.

## THE PARTIES

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "TWENTY-FIFTH", "TWENTY-NINTH", "THIRTIETH" and "THIRTY-FIRST" of the Plaintiff's First Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "TWENTY-EIGHTH" of the Plaintiff's First Amended Complaint and refers all questions of law to this Court.

10. Denies each and every allegation contained in paragraph "THIRTY-SECOND" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, DESTEFANO

### MALICIOUS PROSECUTION

11. Defendant, POLICE CHIEF MATTHEW T. BYRNE, in his individual and official capacity repeats and realleges each and every denial set forth in paragraphs "FIRST" through "THIRTY-SECOND" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

12. Denies each and every allegation contained in paragraphs "THIRTY-FOURTH", "THIRTY-FIFTH", "THIRTY-SIXTH", "FORTY-FIRST", "FORTY-SECOND", "FORTY-THIRD", "FORTY-FOURTH", "FORTY-FIFTH", "FORTY-SIXTH", "FORTY-SEVENTH", "FORTY-EIGHTH", "FORTY-NINTH", "FIFTIETH", "FIFTY-FIRST" and "FIFTY-SECOND" of the Plaintiff's First Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "THIRTY-SEVENTH" of the Plaintiff's First Amended Complaint but admits that a criminal proceeding against the plaintiff, DeStefano, culminated in a criminal indictment which was unsealed on or about August 31, 2004.

14. Denies each and every allegation contained in paragraph "THIRTY-EIGHTH" of the Plaintiff's First Amended Complaint but admits upon the conclusion of a non-jury trial held before Justice Stewart Rosenwasser, plaintiff, Destefano was convicted of two counts of offering a false instrument for filing in the Second Degree on April 7, 2005 which was reduced to a judgment on May 25, 2005.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "THIRTY-NINTH" of the Plaintiff's First Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "FORTIETH" of the Plaintiff's First Amended Complaint and refers all questions of law to this Court.

## ANSWERING THE ALLEGED SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, DESTEFANO

### CONSPIRACY

17. Defendant, POLICE CHIEF MATTHEW T. BYRNE, in his individual and official capacity repeats and realleges each and every denial set forth in paragraphs "FIRST" through "THIRTY-SECOND" and "THIRTY-FOURTH" through "FIFTY-SECOND" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

18. Denies each and every allegation contained in paragraphs "FIFTY-FOURTH", "FIFTY-FIFTH", "FIFTY-SIXTH", "FIFTY-SEVENTH", "FIFTY-EIGHTH", "FIFTY-NINTH", 'SIXTIETH", "SIXTY-FIRST", "SIXTY-SECOND", "SIXTY-THIRD", "SIXTY-FOURTH", "SIXTY-FIFTH","SIXTY-SEVENTH" and "SIXTY-EIGHTH" of the Plaintiff's First Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "SIXTY-SIXTH" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, DESTEFANO PRIVACY ACT 5 U.S.C.§ 552(a), et.seq., RIGHT TO FINANCIAL PRIVACY ACT 12 U.S.C. § 3401 et.seq.

20. Defendant, POLICE CHIEF MATTHEW T. BYRNE, in his individual and official capacity repeats and realleges each and every denial set forth in paragraphs "FIRST" through "THIRTY-SECOND", "THIRTY-FOURTH" through "FIFTY-SECOND" and "FIFTY-FOURTH" through "SIXTY-EIGHTH" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "SEVENTIETH", "SEVENTY-SECOND", "SEVENTY-FIFTH" and "SEVENTY-SIXTH" of the Plaintiff's First Amended Complaint and refers all questions of law to this Court.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "SEVENTY-FIRST" and "SEVENTY-THIRD" of the Plaintiff's First Amended Complaint.

23. Denies each and every allegation contained in paragraphs "SEVENTY-FOURTH", "SEVENTY-SEVENTH", "SEVENTY-EIGHTH", "SEVENTY-NINTH" and "EIGHTIETH" of the Plaintiff's First Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. The plaintiff's complaint fails to state a cause of action and/or claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25. The plaintiff's claims do not rise to the level of a constitutional violation as against this defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. The defendants are entitled to qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27. Plaintiff's allegations of "public corruption" were false and maliciously made for personal and political gain and not subject to constitutional protection.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. This defendant is entitled to absolute immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29. This defendants' conduct was based upon probable cause.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30. The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31. This defendant acted in good faith and without malice.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32. The plaintiff's damages, if any, were caused and/or contributed to by reason of the culpable conduct of the plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

33. The plaintiff's damages, if any, were caused and/or contributed to by reason of the improper and unlawful acts of the plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33.   The actions of this defendant were not motivated by protected speech or activity of the plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34.   Plaintiff was not selectively treated by this named defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35.   The actions of this defendant were not based upon impermissible considerations.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

36.   The attorney for the plaintiff is a necessary witness and must be recused.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

37.   Plaintiff suffered no chilling affect on any protected conduct, activity or speech.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

38.   There existed adequate justification for the actions of this defendant.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

39.   This defendant is required by law and his oath of office to uphold the laws of the United States of America, the State of New York, and the City of Middletown regardless of the position of the plaintiff and his objections thereto.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

40.   Plaintiff's claims are barred by the doctrine of collateral estoppel.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

40.   Defendant's First Amendment rights of free speech are not abrogated by the holding of public office.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

41.  This defendant neither arrested plaintiff nor participated in the prosecution of the plaintiff nor was this defendant responsible therefore.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

42.  Any charges or referrals filed or reported by this defendant or his subordinates were required by law and based upon probable cause.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

43.  Plaintiff maliciously used the power of his elected office to falsely or improperly attack this defendant and other officers of the City of Middletown Police Department. Such attacks were duly heard before appropriate administrative agencies and found to be unfounded.

DATED: White Plains, New York
       June 6, 2008

Yours, etc.

_____
JOHN WALSH (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
POLICE CHIEF MATTHEW T. BYRNE,
in his individual and official capacity
**55 Church Street, Suite 211**
**White Plains, NY 10601**
Tel:  (914) 385-6000
Fax:  (914) 385-6060

TO:  DUPEE & MONROE, P.C.
     Attorneys for Plaintiff
     211 Main Street, P.O. Box 470
     Goshen, NY 10924

# VERIFICATION

STATE OF NEW YORK        )
                         SS.:
COUNTY OF WESTCHESTER    )

I, THE UNDERSIGNED, AM AN ATTORNEY ADMITTED TO PRACTICE IN THE COURTS OF THE STATE OF NEW YORK, AND SAY THAT: I AM THE ATTORNEY OF RECORD, OR OF COUNSEL WITH THE ATTORNEY OF RECORD, FOR THE DEFENDANT, POLICE CHIEF MATTHEW T. BYRNE, in his individual and official capacity, I HAVE READ THE ANNEXED **VERIFIED ANSWER**, KNOW THE CONTENTS THEREOF, AND THAT SAME ARE TRUE TO MY OWN KNOWLEDGE, EXCEPT THOSE MATTERS THEREIN WHICH ARE STATED TO BE ALLEGED UPON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS THEREIN NOT STATED UPON KNOWLEDGE, IS BASED UPON THE FOLLOWING: MATERIAL IN THE FILE, INFORMATION AND DOCUMENTS CONTAINED IN SAID FILE.

DATED: White Plains, New York
       June 6, 2008

_____
JOHN WALSH