UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPH DE STEFANO,

                Plaintiff,

-against-

MAYOR MARLINDA DUNCANSON, in her
individual and official capacity, POLICE CHIEF
MATTHEW T. BYRNE, in his individual and official
capacity, SPECIAL AGENT WILLIAM MARTINEZ,
in his individual and official capacity, JULIE
GRENZHAUSER-MONTALVO, in her individual
and official capacity and VINCENT BIONDO,

                Defendants.
---------------------------------------------------------------X

**ANSWER TO
FIRST AMENDED COMPLAINT**

08 Civ. 3419 (SCR)

      Defendants MARLINDA DUNCANSON and JULIE GRENZHAUSER-MONTALVO, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, hereby answer plaintiff's complaint, upon information and belief, as follows.

      1.    Deny the allegations contained in paragraph "FIRST" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

      2.    Deny the allegations contained in paragraph "SECOND" of the complaint, except admit that beginning on or about January 1, 1994, plaintiff Joseph DeStefano was the Mayor of the City of Middletown and that he resigned on or about April 11, 2005.

      3.    Admit the allegations contained in paragraph "THIRD" of the complaint.

      4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FOURTH" of the complaint, except admit that Matthew J. Byrne was hired as a police officer for the City of Middletown.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTH" of the complaint, except admit that Byrne was confirmed by the City of Middletown Common Council to serve as Chief of Police for the City of Middletown Police Department.

6. Admit the allegations contained in paragraph "SIXTH" of the complaint.

7. Deny the allegations contained in paragraph "SEVENTH" of the complaint and respectfully refer all questions of law to the Court for adjudication.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "EIGHTH" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "NINTH" of the complaint.

10. Deny the allegations contained in paragraph "TENTH" of the complaint, and all of its sub-parts.

11. Deny the allegations contained in paragraph "ELEVENTH" of the complaint, and all of its sub-parts.

12. Deny the allegations contained in paragraph "TWELFTH" of the complaint.

13. Deny the allegations contained in paragraph "THIRTEENTH" of the complaint.

14. Deny the allegations contained in paragraph "FOURTEENTH" of the complaint.

15. Deny the allegations contained in paragraph "FIFTEENTH" of the complaint.

16. Deny the allegations contained in paragraph "SIXTEENTH" of the complaint.

17. Deny the allegations contained in paragraph "SEVENTEENTH" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "EIGHTEENTH" of the complaint.

19. Deny the allegations contained in paragraph "NINETEENTH" of the complaint and respectfully refer all questions of law to the Court for adjudication.

20. Deny the allegations contained in paragraph "TWENTIETH" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

21. Deny the allegations contained in paragraph "TWENTY-FIRST" of the complaint, except admit that plaintiff purports to assert jurisdiction as set forth therein.

22. The statement set forth in paragraph "TWENTY-SECOND" of the complaint is a demand to which no response is required.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-THIRD" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-FOURTH" of the complaint, except admit that Duncanson was a duly elected member of the City of Middletown's Common Council and is now serving as the City's Mayor, and respectfully refer all questions of law to the Court for adjudication.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-FIFTH" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-SIXTH" of the complaint, except admit that

Byrne is the duly appointed Chief of Police for the City of Middletown Police Department and respectfully refer all questions of law to the Court for adjudication.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-SEVENTH" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-EIGHTH" of the complaint, except admit that Grenzhauser is employed by the City of Middletown and assigned to work at the office of Economic and Community Development and respectfully refer all questions of law to the Court for adjudication.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-NINTH" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTIETH" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY-FIRST" of the complaint.

32. Deny the allegations contained in paragraph "THIRTY-SECOND" of the complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**

33. As and for a response to paragraph "THIRTY-THIRD" of the complaint, defendants repeat and reallege the denials set forth above in answer to the allegations contained

in paragraphs of the complaint numbered "FIRST" through "THIRTY-SECOND" of the complaint with the same force and effect as if fully set forth at length herein.

    34.    Deny the allegations contained in paragraph "THIRTY-FOURTH" of the complaint.

    35.    Deny the allegations contained in paragraph "THIRTY-FIFTH" of the complaint.

    36.    Deny the allegations contained in paragraph "THIRTY-SIXTH" of the complaint.

    37.    Deny the allegations contained in paragraph "THIRTY-SEVENTH" of the complaint.

    38.    Deny the allegations contained in paragraph "THIRTY-EIGHTH" of the complaint.

    39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY-NINTH" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

    40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FORTIETH" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

    41.    Deny the allegations contained in paragraph "FORTY-FIRST" of the complaint.

    42.    Deny the allegations contained in paragraph "FORTY-SECOND" of the complaint.

    43.    Deny the allegations contained in paragraph "FORTY-THIRD" of the complaint.

    44.    Deny the allegations contained in paragraph "FORTY-FOURTH" of the complaint.

45. Deny the allegations contained in paragraph "FORTY-FIFTH" of the complaint.

46. Deny the allegations contained in paragraph "FORTY-SIXTH" of the complaint.

47. Deny the allegations contained in paragraph "FORTY-SEVENTH" of the complaint.

48. Deny the allegations contained in paragraph "FORTY-EIGHTH" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "FORTY-NINTH" of the complaint.

50. Deny the allegations contained in paragraph "FIFTIETH" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

51. Deny the allegations contained in paragraph "FIFTY-FIRST" of the complaint.

52. Deny the allegations contained in paragraph "FIFTY-SECOND" of the complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**

53. As and for a response to paragraph "FIFTY-THIRD" of the complaint, defendants repeat and reallege the denials set forth above in answer to the allegations contained in paragraphs of the complaint numbered "FIRST" through "FIFTY-SECOND" of the complaint with the same force and effect as if fully set forth at length herein.

54. Deny the allegations contained in paragraph "FIFTY-FOURTH" of the complaint.

55. Deny the allegations contained in paragraph "FIFTY-FIFTH" of the complaint.

56. Deny the allegations contained in paragraph "FIFTY-SIXTH" of the complaint.

57. Deny the allegations contained in paragraph "FIFTY-SEVENTH" of the complaint.

58. Deny the allegations contained in paragraph "FIFTY-EIGHTH" of the complaint.

59. Deny the allegations contained in paragraph "FIFTY-NINTH" of the complaint.

60. Deny the allegations contained in paragraph "SIXIETH" of the complaint.

61. Deny the allegations contained in paragraph "SIXTY-FIRST" of the complaint.

62. Deny the allegations contained in paragraph "SIXTY-SECOND" of the complaint.

63. Deny the allegations contained in paragraph "SIXTY-THIRD" of the complaint.

64. Deny the allegations contained in paragraph "SIXTY-FOURTH" of the complaint.

65. Deny the allegations contained in paragraph "SIXTY-FIFTH" of the complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SIXTY-SIXTH" of the complaint.

67. Deny the allegations contained in paragraph "SIXTY-SEVENTH" of the complaint.

68. Deny the allegations contained in paragraph "SIXTY-EIGHTH" of the complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

69. As and for a response to paragraph "SIXTY-NINTH" of the complaint, defendants repeat and reallege the denials set forth above in answer to the allegations contained in paragraphs of the complaint numbered "FIRST" through "SIXTY-EIGHTH" of the complaint with the same force and effect as if fully set forth at length herein.

70. Deny the allegations contained in paragraph "SEVENTIETH" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

71. Deny the allegations contained in paragraph "SEVENTY-FIRST" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

72. Deny the allegations contained in paragraph "SEVENTY-SECOND" of the complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SEVENTY-THIRD" of the complaint.

74. Deny the allegations contained in paragraph "SEVENTY-FOURTH" of the complaint.

75. Deny the allegations contained in paragraph "SEVENTY-FIFTH" of the complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "SEVENTY-SIXTH" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

77. Deny the allegations contained in paragraph "SEVENTY-SEVENTH" of the complaint.

78. Deny the allegations contained in paragraph "SEVENTY-EIGHTH" of the complaint.

79. Deny the allegations contained in paragraph "SEVENTY-NINTH" of the complaint.

80. Deny the allegations contained in paragraph "EIGHTIETH" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

81. The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

82. Defendants Duncanson and Grenzhauser-Montalvo are entitled to absolute immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

83. Defendants Duncanson and Grenzhauser-Montalvo are entitled to qualified immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

84. At all times relevant to the complaint, defendants acted reasonably, properly, in good faith, and in the lawful exercise of their discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

85. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the answering defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

86. The answering defendants have not violated rights, privileges or immunities under the Constitution or the laws of the United States or the State of New York, nor have they violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

87. To the extent that plaintiff purports to assert any claims under New York State law, plaintiff has failed to comply with the conditions to suit under General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

88.　The provisions of 12 U.S.C. § 3401, *et seq.* and 5 U.S.C. § 552(a) do not apply to individual defendants Duncanson and Grenzhauser-Montalvo.

**WHEREFORE**, defendants MARLINDA DUNCANSON and JULIE GRENZHAUSER-MONTALVO request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
　　　　June 25, 2008

　　　　　　　　　　　　　　　　　　MIRANDA SOKOLOFF SAMBURSKY
　　　　　　　　　　　　　　　　　　SLONE VERVENIOTIS, LLP
　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　MARLINDA DUNCANSON and
　　　　　　　　　　　　　　　　　　JULIE GRENZHAUSER-MONTALVO

　　　　　　　　　　By:　_____
　　　　　　　　　　　　　STEVEN C. STERN (SS 2573)
　　　　　　　　　　　　　240 Mineola Boulevard
　　　　　　　　　　　　　Mineola, New York 11501
　　　　　　　　　　　　　(516) 741-7676
　　　　　　　　　　　　　Our File No. 08-226

TO: James Monroe, Esq.
DUPEE & MONROE, P.C.
Attorneys for Plaintiff
211 Main Street, Box 470
Goshen, New York 10924

John Walsh, Esq.
HODGES WALSH & SLATER
Attorneys for Defendants
MATTHEW T. BYRNE, SPECIAL AGENT
WILLIAM MARTINEZ and VINCENT BIONDO
55 Church Street
White Plains, New York 10601
(914) 385-6000