MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     MARA E. TRAGER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2799
Facsimile Nos. (212) 637-2702
E-mail: mara.trager@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSEPH DE STEFANO,

                Plaintiff,                         **ECF CASE**

             v.                                  <u>ANSWER</u>

MAYOR MARLINDA DUNCANSON, in her                     08 Civ. 3419 (SCR)
individual and official capacity, POLICE CHIEF
MATTHEW T. BYRNE, in his individual and
official capacity, SPECIAL AGENT WILLIAM
MARTINEZ, in his individual and official
capacity, JULIE GRENZHAUSER-
MONTALVO, in her individual and official
capacity and VINCENT BIONDO,

                Defendant(s).
------------------------------------------------------------ x

        Defendant Special Agent William Martinez, in both his individual and official capacity ("defendant"), by his attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the First Amended Complaint ("complaint") of plaintiff Joseph De Stefano ("plaintiff") as follows:

1. Neither admits nor denies the allegations contained in paragraph 1 as they constitute plaintiff's characterization of this action to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 1.

2. Admits that plaintiff was the Mayor of the City of Middletown during at least 2001 through 2004, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. Admits that defendant Grenzhauser was employed by the City of Middletown's Office of Economic and Community Development during at least 2001 through 2004, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the complaint.

7. Denies the allegations contained in paragraph 7 of the complaint, except avers that the City of Middletown receives grant funds from the United States Department of Housing and Urban Development ("HUD"), and that the City of Middletown's Office of Economic and Community Development administers the funds.

8. Denies the allegations contained in paragraph 8 of the complaint, except avers that defendant Martinez is employed as a Special Agent by the HUD Office of Inspector General, and that as part of his duties, he conducts criminal investigations.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Denies the allegations contained in paragraph 13 of the complaint to the extent that the allegations concern defendant Martinez. To the extent that the allegations do not concern defendant Martinez, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Denies the allegations contained in paragraph 14 of the complaint to the extent that the allegations concern defendant Martinez. To the extent that the allegations do not concern defendant Martinez, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Denies the allegations contained in paragraph 15 of the complaint to the extent that the allegations concern defendant Martinez. To the extent that the allegations do not concern defendant Martinez, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Denies the allegations contained in paragraph 17 of the complaint, except avers that plaintiff was arrested and arraigned before Justice Rosenwasser and denies knowledge or information sufficient to form a belief as to the truth regarding the date that plaintiff was arrested.

18. Admits that plaintiff was convicted of two counts of offering a false instrument for filing in the Second Degree, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the complaint.

19. Neither admits nor denies the allegations contained in paragraph 19 of the complaint because they constitute plaintiff's characterization of the Appellate Division decision, and respectfully refers the Court to the Appellate Division decision for its full and complete content.

20. Neither admits nor denies the allegations contained in paragraph 20 of the complaint because they constitute plaintiff's characterization of this action. To the extent a response is required, denies the allegations contained in paragraph 20 of the complaint.

21. Neither admits nor denies the allegations contained in paragraph 21 of the complaint because they constitute conclusions of law to which no response is required, except avers that defendant Martinez resides in the Southern District of New York, but denies knowledge or information sufficient to form a belief regarding the residency of the remaining defendants.

22. Neither admits nor denies the allegations contained in paragraph 22 of the complaint because it constitutes plaintiff's characterization of this action.

23. Denies knowledge or information sufficient to form a belief as to the truth of the of the allegations contained in paragraph 23 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

28. Denies the allegations contained in the first sentence of paragraph 28 of the complaint except admits that defendant Grenzhauser was, at least during the years 2001 through 2004, employed by the City of Middletown's Office of Economic and Community Development. Neither admits nor denies the allegations contained in the second sentence of paragraph 28 of the complaint as they constitute plaintiff's characterization of this action to which no response is required.

29. Neither admits nor denies the allegations contained in paragraph 29 of the complaint because they contain terms that are vague and ambiguous and constitute conclusions of law, except avers that at least during the years 2001 through 2004, defendant Grenzhauser was employed by the City of Middletown's Office of Economic and Community Development, which administers grant funds the City receives from HUD, and denies that defendant Grenzhauser was

an agent or representative of HUD.

30. Neither admits nor denies the allegations contained in the first sentence of paragraph 30 of the complaint as it contains terms that are vague and ambiguous except avers that defendant Martinez is employed by the HUD Office of Inspector General as a Special Agent. Neither admits nor denies the allegations contained in the second sentence of paragraph 30 of the complaint as they constitute plaintiff's characterization of this action to which no response is required.

31. Neither admits nor denies the allegations contained in paragraph 31 of the complaint because they contain terms that are vague and confusing and constitute conclusions of law, except avers that defendant Martinez is employed by the HUD Office of Inspector General as a Special Agent.

32. Denies the allegations contained in paragraph 32 of the complaint to the extent that they concern defendant Martinez. To the extent the allegations do not concern defendant Martinez, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint.

33. Repeats and realleges defendant Martinez's responses to the allegations in paragraphs 1 through 32 of the complaint as though fully set forth in this paragraph.

34. Neither admits nor denies the allegations contained in paragraph 34 of the complaint as they contain conclusions of law to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

35. Neither admits nor denies the allegations contained in paragraph 35 of the complaint as they contain conclusions of law to which no response is required. To the extent a

response is required, denies the allegations contained in paragraph 35 of the complaint to the extent the allegations concern defendant Martinez, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

      36.    Neither admits nor denies the allegations contained in paragraph 36 of the complaint as they contain conclusions of law to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

      37.    Denies the allegations contained in paragraph 37 of the complaint to the extent the allegations relate to defendant Martinez, and denies knowledge or information as to the truth of the allegations contained in paragraph 37 of the complaint to extent the allegations relate to the other defendants.

      38.    Denies the allegations contained in paragraph 38 of the complaint to the extent they characterize plaintiff's conviction as "wrongful," except avers that plaintiff was convicted of two counts of offering a false instrument for filing in the Second Degree, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the complaint.

      39.    Neither admits nor denies the allegations contained in paragraph 39 of the complaint because they constitute plaintiff's characterization of the Appellate Division decision, and respectfully refers the Court to the Appellate Division decision for its full and complete content, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the District Attorney's Office's appeal.

      40.    Neither admits nor denies the allegations contained in paragraph 40 of the complaint because they constitute plaintiffs' characterization of the Appellate Division decision,

-8-

and respectfully refers the Court to the Appellate Division decision for its full and complete content.

41. Denies the allegations contained in paragraph 41 of the complaint to the extent the allegations relate to defendant Martinez. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint to the extent the allegations relate to the other defendants.

42. Denies the allegations contained in paragraph 42 of the complaint to the extent the allegations relate to defendant Martinez. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint to the extent the allegations relate to the other defendants.

43. Denies the allegations contained in paragraph 43 of the complaint to the extent the allegations relate to defendant Martinez. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint to the extent the allegations relate to the other defendants.

44. Denies the allegations contained in paragraph 44 of the complaint to the extent the allegations relate to defendant Martinez. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint to the extent the allegations relate to the other defendants.

45. Denies the allegations contained in paragraph 45 of the complaint to the extent the allegations relate to defendant Martinez. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint to the extent the allegations relate to the other defendants.

46. Denies the allegations contained in paragraph 46 of the complaint to the extent the allegations relate to defendant Martinez. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint to the extent the allegations relate to the other defendants.

47. Neither admits nor denies as the allegation contained in paragraph 47 of the complaint as they constitute legal conclusions to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint

48. Neither admits nor denies as the allegations contained in paragraph 48 of the complaint as they constitute legal conclusions to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 48 of the complaint to the extent the allegations relate to defendant Martinez and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint to the extent the allegations relate to the other defendant Grenzhauser.

49. Denies knowledge or information sufficient to form a belief concerning the accuracy of the allegations contained in paragraph 49 of the complaint.

50. Neither admits nor denies as the allegations contained in paragraph 50 of the complaint as they constitute legal conclusions to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint.

51. Denies the allegations contained in paragraph 51 of the complaint.

52. Denies the allegations contained in paragraph 52 of the complaint.

53. Repeats and realleges defendant Martinez's responses to the allegations in paragraphs 1 through 52 of the complaint as though fully set forth in this paragraph.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint.

57. Denies the allegations contained in paragraph 57 of the complaint to the extent they allege that defendant Martinez participated in a "conspiracy," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the complaint to the extent they relate to the remaining defendants, except avers that defendant Grenzhauser lawfully provided defendant Martinez certain records maintained by the City of Middletown's Office of Economic and Community Development.

58. Denies the allegations contained in paragraph 58 of the complaint, except avers that defendant Grenzhauser lawfully provided defendant Martinez certain records maintained by the City of Middletown's Office of Economic and Community Development.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the complaint.

64. Denies the allegations contained in paragraph 64 of the complaint to the extent the allegations concern defendant Martinez. To the extent the allegations do not concern defendant Martinez, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the complaint.

67. Denies the allegations contained in paragraph 67 of the complaint.

68. Denies the allegations contained in paragraph 68 of the complaint.

69. Repeats and realleges defendant Martinez's responses to the allegations in paragraphs 1 through 68 of the complaint as though fully set forth in this paragraph.

70. Neither admits nor denies as the allegations contained in paragraph 70 of the complaint as they constitute legal conclusions to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 70.

71. Neither admits nor denies the allegations contained in paragraph 71 of the complaint as they contain terms that are vague and ambiguous and constitute conclusions of law, except avers that defendant Martinez is employed by the HUD Office of Inspector General as a Special Agent, and further avers that defendant Grenzhauser is not a federal employee.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the complaint.

74. Denies the allegations contained in paragraph 74 of the complaint, except admits that defendant Grenzhauser lawfully provided defendant Martinez certain records maintained by the City of Middletown's Office of Economic and Community Development.

75. Denies the allegations contained in paragraph 75 in the complaint.

76. Neither admits nor denies the allegations contained in paragraph 76 in the complaint because they constitute conclusions of law to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 76 in the complaint.

77. Denies the allegations contained in paragraph 77 of the complaint to the extent the allegations concern defendant Martinez. To the extent the allegations do not concern defendant Martinez, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the complaint.

78. Denies the allegations contained in paragraph 78 of the complaint.

79. Denies the allegations contained in paragraph 79 of the complaint.

80. Denies the allegations contained in paragraph 80 of the complaint.

81. The allegations in the unnumbered paragraphs following paragraph 80 of the complaint and commencing with the word "WHEREFORE" state plaintiff's request for relief, to which no response is required. To the extent a response is required, denies that plaintiff is entitled to the requested relief, or to any relief whatsoever.

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Defendant Martinez is entitled to qualified immunity.

THIRD DEFENSE

The Third Cause of Action is barred, in whole or in part, by the applicable statutes of limitations.

FOURTH DEFENSE

The Court lacks jurisdiction over the First Cause of Action, to the extent alleged against defendant Martinez in his official capacity, because the United States has sovereign immunity.

FIFTH DEFENSE

The Court lacks jurisdiction over the Third Cause of Action, to the extent alleged against defendant Martinez in his individual capacity.

SIXTH DEFENSE

The City of Middletown's Office of Economic and Community Development was required under federal law to provide all books, documents, papers and other records it maintained. *See* 5 U.S.C. App. 3 *et seq.*; 24 C.F.R. § 85.42.

SEVENTH DEFENSE

The City of Middletown's Office of Economic and Community Development is not a "financial institution" as the term is defined in 12 U.S.C. § 3401 and thus the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.* does not apply.

WHEREFORE, the defendant demands judgment dismissing the complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated:    New York, New York
             August 6, 2008

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York,
                            Attorney for Defendant

By:    /s/  MARA E. TRAGER
        MARA E. TRAGER
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone No. (212) 637-2799
        Facsimile No. (212) 637-2702
        E-mail: mara.trager@usdoj.gov

TO:    James E. Monroe, Esq.
        Dupee & Monroe
        211 Main Street
        P.O. Box 470
        Goshen, NY 10924
        Attorneys for Plaintiff

        John Walsh, Esq.
        Hodges, Walsh & Slater, LLP
        55 Church St., suite 211
        White Plains NY 10601
        Attorneys for Defendant Byrne

Steven C. Stern
Miranda Sokoloff Sambursky Slone Verveniotis, LLP
240 Mineola Boulevard
Mineola, New York 11501
Attorneys for Defendants Marlinda Duncanson and Julie Grenzhauser-Montalvo